

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Jesse James
State Treasurer
Austin, Texas

Overruled by 0-7410 insofar
as it conflicts.

Dear Mr. James:

Opinion No. 0-4535

Re: Assignment of vendor's lien
notes to State Treasurer.

In your letter of April 10, 1942, you state the Southern Guaranty
Company, Ltd. has deposited with the Board of Insurance Commissioners,
to be held by the State Treasurer, various vendor's lien notes, under Article
No. 4982 of the Revised Civil Statutes.

You ask, "Is it necessary for us to have assignment of lien cover-
ing these notes; if so, should they be made to the State Treasurer or to the
Board of Insurance Commissioners, and should they be placed on record in the
county where the property is located?"

These notes are evidently deposited with you under Article No. 4983,
rather than Article 4982, and our answer is based on this assumption.

Article 4982, of the Revised Statutes, relates to certain powers
that may be exercised by association of persons and corporations when it
has complied with the law.

Article 4983 provides that in order to qualify under Article 4982,
it is necessary for the association or corporation to "Deposit with the State
Treasurer $50,000.00 consisting of cash, treasury notes of the United States,
or government, state, county, municipal or other bonds, notes or debentures,
secured by first mortgages or deeds of trust, or mortgages or deeds of trust
on unincumbered real estate in Texas worth at least double the amount loaned
thereon, or such other first-class securities as the Commissioner may approve."

In order that the vendor's lien may be effective, it is necessary
that if the note is assigned as collateral, the lien must also be transferred in
writing, and be placed of record. This is necessary in order to prevent the

lien securing the note from being released by the party to whom it is payable. It takes an assignment of both the note and lien securing same to comply with the provisions of Article 4983 of the statutes.

We therefore answer your inquiry that before you accept the vendor's lien notes as a deposit under said statute, you should have a transfer of the lien securing the notes made to you as State Treasurer, in trust, to be held by you under the provisions of Article 4983. By placing said language in the transfer, it would be notice to any purchaser of the land against which the notes may be lien that the State Treasurer was holding the notes in trust, and that before he could obtain a release he would be compelled to obtain a release from the State Treasury.

If at any time the company depositing the notes with you desired to withdraw same and substitute other securities, then, as State Treasurer, you could either release the notes or retransfer the original notes and accept the new ones in lieu thereof, if the new securities were eligible as such under said statute.

In addition to having the notes transferred to you, before the notes are accepted an abstract should be furnished showing that the notes are a first lien on the land. You should then hold the abstract, together with the transfer of the notes in your possession, after having first filed the transfer for record in the county where the land is located. The expense incident to recording the transfer of the notes should be borne by the depositor. Before you are authorized to accept any securities for deposit the same must be approved by the Board of Insurance Commissioners. It is the duty of said Board to appraise the securities and pass upon the question as to whether the real estate securing the notes is worth at least double the amount of the notes. It is also the duty of said Board to have the title examined and determine that the notes are a first lien on the land. All of this expense is to be borne by the depositor.

You are advised that this Department has under consideration a request from the Board of Insurance Commissioners as to whether the Southern Guaranty Company, Ltd. is competent to qualify under Articles 4982 and 4983. This opinion is not to be interpreted as answering said question. We are answering your question at this time because of its importance as it relates to your general duties under said statutes.

APPROVED APR 24, 1942  
/s/ Grover Sellers  
FIRST ASSISTANT  
ATTORNEY GENERAL  
GWB-MR:tiw  
APPROVED OPINION COMMITTEE  
By /s/ BWB, Chairman

Very truly yours

ATTORNEY GENERAL OF TEXAS  
By /s/ Geo. W. Barcus  
Geo. W. Barcus, Assistant